UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GENE JOHNSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   10 C 3028 |
| | ) | Judge Ruben Castillo |
| WEXFORD HEALTH SOURCES, INC , et. al, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT WEXFORD HEALTH SOURCES, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant, WEXFORD HEALTH SOURCES, INC., by its attorneys, CHARYSH & SCHROEDER, LTD., moves this Honorable Court to dismiss plaintiff's complaint pursuant to FRCP 12(B)(6) for failure to state a cause of action and states:

1. Plaintiff claims defendant violated his constitutional rights regarding the provision of proper medical care.

2. A motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b)(6) does not test whether the plaintiff will prevail on the merits but instead whether the claimant has properly stated a claim. See *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

3. The Court may dismiss a complaint for failure to state a claim only if, "it is clear that no relief could be granted under any set of facts that could be provided consistent with the allegations." *Hishon v. King and Spaulding*, 467 U.S. 69, 73 (1984); See also *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957).

4. The Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Chancey v. Suburban Bus Div. of Regional*

*Transp. Authority*, 52 F. 3d 623, 626-7 (7th Cir. 1995). While a plaintiff is not required to provide detailed factual allegations, it demands more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

5. Pleadings which present labels and conclusions or, "a formulaic recitation of the elements of a cause of action will not do." *Id.* A complaint is not sufficient if it tenders, "naked assertion[s]" devoid of, "further factual enhancement." *Id.*

6. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In order for a complaint to survive a motion to dismiss, it must contain sufficient factual matter, "which states a claim for relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard requires more than the possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of „entitlement to relief.‟ *Id.*, (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. at 1950.

7. In order to state a claim under the Eighth Amendment for lack of medical treatment or denial of medical care, a prisoner must show, "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 105 (1976); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

8. A corporate entity acting under color of law violates a detainee's constitutional rights, "if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners." *Estate of Novack ex rel. v. County of Wood*, 226 F.3d 525, 530 (7th Cir.2000)

9. "This liability is not founded on a theory of vicarious liability or respondeat superior that holds a municipality responsible for the misdeeds of its employees. Rather, a municipal policy or practice must be the 'direct cause' or 'moving force' behind the constitutional violation." *Id*. In other words it is when execution of a corporate policy or custom inflicts the injury that the corporation acting under color of law, as an entity, is responsible under § 1983.

10. There are two routes a plaintiff may take to establish corporate liability. First, a constitutional injury caused by a municipality/corporation may be, "shown directly by demonstrating that the policy itself is unconstitutional." This can also be established, "by showing a series of bad acts and inviting the court to infer from them that the policymaking level of government should have noticed what was occurring and by failing to do anything must have encouraged or at least condoned them, thus, in either event adopting, the misconduct of subordinate officers." Id. (quoting *Jackson v. Marion County*, 66 F.3d 151, 152 (7th Cir.1995))

11. Plaintiff makes no allegations that the treatment he received while at the IDOC was pursuant to any policy. It appears Johnson is attempting to state a cause of action against Wexford based on the conduct of its employees. It is clear, however, the doctrine of respondeat superior does not apply to actions filed under Section 1983. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

12.     Plaintiff alleges a long history of medical care he claims was provided by unnamed or unidentified Wexford physicians or employees.  However, plaintiff does not allege any constitutional violations were committed as a result of a policy or procedure of Wexford.

13.     Plaintiff is clearly attempting to set forth  a claim based vicarious *respondeat superior* liability.  As there is no such liability under §1983, plaintiff's claims against Wexford must be dismissed.

14.     Furthermore, it appears plaintiff has continued to name Wexford as a defendant solely to improperly file this claim in the Northern District of Illinois.

15.     In plaintiff's First Amended Complaint he  named 10 individual defendants most of whom, work or worked at Stateville Correctional Center, in addition to Wexford.  In this Second Amended Complaint plaintiff has dropped his claims against all of the individual defendants and added a claim against Dr. Thomas Baker.  Dr. Baker is, according to plaintiff's complaint, a doctor providing service to Western Illinois Correctional Center. (Plaintiff only alleges he saw Dr. Baker on one occasion.)

16.     Plaintiff is also clearly maintaining this action against Wexford for an improper purpose.  Western Illinois Correctional Center is located in Mt. Sterling, Brown County, Illinois.  Brown County is in the Central District of Illinois. **28 U.S.C. § 93**  If plaintiff had not included this unfounded claim against Wexford, he would have to dismiss this case and re-file it in the proper district, the Central District.

17.     As plaintiff's claim against Wexford is without merit, it should be dismissed and plaintiff should be assessed a strike pursuant to 28 U.S.C.§1915(g).

WHEREFORE, defendant WEXFORD HEALTH SOURCES, INC., respectfully requests this Honorable Court grant this motion and dismiss the claim relating to it pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure, assess a strike against plaintiff pursuant to 28 U.S.C.§1915(g) and grant such further relief as the Court deems just and proper.

                                                  CHARYSH & SCHROEDER, LTD.

                                                  ____ s/ Richard A. Tjepkema ____

Michael J. Charysh (ARDC# 6187455)
Richard A. Tjepkema (ARDC # 6217445)
CHARYSH & SCHROEDER, LTD.
33 North Dearborn Street
Suite 1300
Chicago, Illinois 60602
(312) 372-8338

**PROOF OF SERVICE BY ELECTRONIC FILING AND U.S. MAIL**

    The undersigned attorney certifies that he served a copy of the foregoing documents on all attorneys of record via electronic notification to EFC participants, and by U.S. Mail to non-EFC participants at their respective addresses by depositing copies of same with proper postage prepaid in the U.S. Mail at 33 North Dearborn Street, Chicago, Illinois at or before 5:00 p.m. on December 8, 2010.

                                                                      s/ Richard A. Tjepkema