IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| GENE JOHNSON, #N62725 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-3331 |
| | ) | |
| DR. THOMAS BAKER, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>OPINION</u>

SUE E. MYERSCOUGH, U.S. District Judge.

This cause is before the Court on Defendant Dr. Thomas Baker's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (d/e 88) and Motion for Summary Judgment (d/e 96). For the reasons that follow, Dr. Baker's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies is GRANTED.

## I. BACKGROUND

In May 2010, Plaintiff filed a Complaint in the Northern District of Illinois against Wexford Health Sources, Inc. (Wexford) and numerous other individuals. Plaintiff alleged the defendants were deliberately

indifferent to his medical needs when they consistently failed to treat Plaintiff's chronic back pain and sexually transmitted disease. Compl. p. 3, ¶ 8 (d/e 1). The court appointed counsel for Plaintiff, dismissed the Complaint, and gave counsel leave to file an Amended Complaint. See d/e 6. On August 30, 2010, Plaintiff's counsel filed a First Amended Complaint against Wexford and other defendants alleging that Plaintiff repeatedly sought care for his back pain and genital herpes but was denied such care. See d/e 12.

In December 2010, Plaintiff voluntarily dismissed three defendants. See d/e 26. In February 2011, the court granted the remaining defendants' Motions to Dismiss without prejudice and gave Plaintiff leave to file a Second Amended Complaint. See d/e 44.

In July 2011, Plaintiff's counsel filed a Second Amended Complaint, pursuant to 42 U.S.C. § 1983, naming as defendants Wexford and, for the first time, Dr. Thomas Baker. See d/e 58. The Second Amended Complaint alleged that as early as April 2000, Plaintiff suffered from a herniated disc in his lower back due to trauma and, as

early as May 1999, suffered from genital herpes. Sec. Amd. Compl. ¶ 9. Throughout the duration of his incarceration at Stateville Correctional Center (June 12, 2001 to September 9, 2009) and Western Correctional Center (September 10, 2009 to present), Plaintiff "has been repeatedly denied or received belated and/or insufficient medical care for his back pain and genital herpes." Sec. Amd. Compl. ¶ 11.

In November 2008, a Magnetic Resonance Imaging examination (MRI) revealed Plaintiff had degenerative joint disease of the lumbosacral spine at L3, L4, L5, and S1. Sec. Amd. Compl. ¶ 21. The degenerative joint disease causes painful spasms and arthritis in his back. Sec. Amd. Compl. ¶ 22. On November 18, 2008, Plaintiff was prescribed cyclobenzaprine to treat his muscle spasms and spinal arthritis and prescribed gabapentin for his nerve damage. Sec. Amd. Compl. ¶ 23. On November 3, 2009, Plaintiff was prescribed physical therapy for his back pain but never received physical therapy. Sec. Amd. Compl. ¶¶ 24, 25.

Plaintiff further alleged he experiences painful breakouts due to his genital herpes. Sec. Amd. Compl. ¶ 26. He experienced numerous delays

in receiving treatment for his genital herpes and received inadequate treatment of his genital herpes. Sec. Amd. Compl. ¶ 27. He was prescribed no medication to treat his genital herpes from August 2001 until November 18, 2008, and he never received medication to prevent the frequency and intensity of his breakouts. Sec. Amd. Compl. ¶ 28, 30. Moreover, he never received a special shower permit to take a shower more than once a week to clean the infected area during breakouts. Sec. Amd. Compl. ¶ 29.

On June 14, 2011, Dr. Baker refused to continue prescribing Plaintiff medication for his back pain and genital herpes. Sec. Amd. Compl. ¶ 31. The Second Amended Complaint alleged that Plaintiff filed many grievances and medical complaints seeking medical care for his chronic back pain and his genital herpes, including: (1) an April 2, 2002 medical complaint, to which the Stateville Healthcare Medical Director responded that back pain and herpes were not considered chronic diseases; (2) a November 29, 2007 grievance, to which Plaintiff received a response placing him on the in-house sick call list; (3) an August 28,

2008 notice of intent; and (4) January and March 2009 grievances with the Administrative Review Board (ARB) alleging denial and delay of medical care.  Sec. Amd. Compl. ¶ 32.

Plaintiff alleged that Wexford and Dr. Baker exhibited deliberate indifference to Plaintiff's serious medical conditions by denying Plaintiff sufficient access to the Illinois Department of Corrections' (IDOC) medical facilities, failing to prescribe Plaintiff adequate medication to treat his back, failing to provide Plaintiff his prescribed physical therapy, and failing to adequately treat Plaintiff's genital herpes.  Sec. Amd. Compl. ¶ 40.  Plaintiff sought compensatory damages, punitive damages, costs, attorney fees, and other relief that the Court deems equitable and just.  Sec. Amd. Compl.

In July 2011, Wexford filed a Motion to Dismiss (d/e 64), which the Northern District of Illinois Court granted.  In August 2011, Dr. Baker filed a Motion to Dismiss or Transfer, asserting that venue was not proper in the Northern District of Illinois.  See d/e 67.  The court granted the Motion to Transfer and transferred the case to the Central District of

Illinois. See d/e 70. The court also granted counsel leave to withdraw their appearances on behalf of Plaintiff, and counsel did so. Id.

On October 18, 2011, Dr. Baker answered the Second Amended Complaint. See d/e 79. Dr. Baker's answer raised two affirmative defenses: qualified immunity and failure to exhaust administrative remedies.

On April 5, 2012, Dr. Baker filed a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (d/e 88). Plaintiff has not responded to the Motion, despite this Court granting him additional time to do so. See May 17, 2012 Text Order granting Plaintiff until June 8, 2012 to respond to the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies.

On May 30, 2012, Dr. Baker filed a Motion for Summary Judgment on the merits (d/e 96). Plaintiff has failed to respond to that Motion for Summary Judgment as well.

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A movant may demonstrate the absence of a material dispute through specific cites to admissible evidence, or by showing that the nonmovant "cannot produce admissible evidence to support the [material] fact." Fed. R. Civ. P. 56(c)(B). If the movant clears this hurdle, the nonmovant may not simply rest on his or her allegations in the complaint, but instead must point to admissible evidence in the record to show that a genuine dispute exists. Id.; Harvey v. Town of Merrillville, 649 F.3d 526, 529 (7th Cir. 2011). At the summary judgment stage, evidence is viewed in the light most favorable to the nonmovant, with material factual disputes resolved in the nonmovant's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Here, Dr. Baker filed a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies. In the context of exhaustion of administrative remedies, if issues of fact exist, a judge– not a jury– holds

a hearing and resolves the factual disputes.  See Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008).  No evidentiary hearing is required, however, if there are "no disputed facts regarding exhaustion" and "only a legal question" is presented.  Doss v. Gilkey, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009).

### III.  ANALYSIS

Dr. Baker moves for summary judgment on the basis that Plaintiff failed to exhaust his administrative remedies.

The Prison Litigation Reform Act requires an inmate to exhaust the available administrative remedies before filing a § 1983 lawsuit.  42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted."); Massey v. Wheeler, 221 F.3d 1030, 1034 (7th Cir. 2000); Perez v. Wisconsin Dept of Corrections, 182 F.3d 532, 535-38 (7th Cir. 1999).  There is no futility, sham, or substantial compliance exception to this requirement, and a plaintiff seeking only monetary damages for ongoing conditions must still utilize the grievance

procedure in place before filing suit. Booth v. Churner, 121 S.Ct. 1819, 1823 (2001) (PLRA requires administrative exhaustion even where grievance process does not permit award of money damages, if "some action" in response to a grievance can be taken); Massey v. Helman, 259 F.3d 641, 646 (7th Cir. 2001) (inmate alleging failure to repair hernia timely must exhaust administrative remedies, even though surgery performed and only money damages sought). Exhaustion means properly and timely taking each step in the administrative process established by state procedures. Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002) (failure to file timely administrative appeal constitutes failure to exhaust administrative remedies and bars § 1983 suit). A dismissal for failure to exhaust is without prejudice, so reinstatement is not barred unless the time for exhaustion has expired. Walker v. Thompson, 288 F.3d 1005, 1009 (7th Cir. 2002).

The grievance procedures available to Plaintiff are set forth in 20 Ill. Adm. Code 504.800 et seq. A prisoner must first file a complaint through his or her counselor. If the complaint is not resolved through the

counselor, the prisoner may file a written grievance with the Grievance Officer. 20 Ill. Adm. Code 504.810. The Grievance Officer reports his or her findings and recommendations to the Chief Administrative Officer (CAO), and the CAO advises the prisoner of the CAO's decision. Ill. Admin. Code 504.830. If the complaint is still not resolved to the prisoner's satisfaction, he or she may appeal to the Director of the IDOC. 20 Ill. Adm. Code 504.850. The Director reviews the grievance and determines if the grievance requires a hearing before the Administrative Review Board (ARB). Id. If a hearing is held, the ARB submits to the Director a written report of its findings and recommendations. Id. The Director makes the final determination of the grievance. Id. A prisoner may file an emergency grievance directly with the CAO, but the CAO determines whether the grievance will be handled as an emergency. 20 Ill. Adm. Code 504.840.

In support of the Motion for Summary Judgment, Dr. Baker submitted the affidavit of Jackie Miller, who is employed within the Office of Inmate Issues for IDOC and is the chairperson of the ARB,

which is a subdivision of the Office of Inmate Issues. Miller Aff. ¶ 1. Miller stated that she searched the ARB records for grievances filed by Plaintiff from May 17, 2008 through the present that referenced a medical condition, genital herpes, a herniated disc in his lower back, or Dr. Thomas Baker. Miller Aff. ¶ 8 (the affidavit was dated December 8, 2011). Miller attached to her Affidavit the two documents she located.

The first document attached to Miller's Affidavit was an Offender's Grievance form dated March 13, 2010. Plaintiff completed the form, indicating that on March 9, 2010, he was taken off his pain medication (Tramadol) and his muscle spasm medication (Flexoril), without warning. Plaintiff asked Correctional Officer Willing to put Plaintiff on the inmate sick call list. On March 11, 2010, Plaintiff saw the nurse, who explained he "would be place[d] on the doctor call line." The requested relief was reimbursement of the $2.00 co-payment and "[s]top delaying my medical care etc. [sic]" The counselor responded on April 13, 2010 as follows:

> HCU [(health care unit)] response states chronic
> back pain is not considered chronic clinic illness &
> patient had to be re-evaluated often with his
> request & NSC [(Nurse Sick Call)] process. His

> medication was ordered for 6 months & he was
> informed many times to go to NSC if he wants to
> continue his medication.

The second document attached to Miller's Affidavit was the ARB Return of Grievance or Correspondence document. This document, dated May 14, 2010 indicates:

> The attached grievance or correspondence is being returned for the following reasons:
>
> Additional information required:
>
>> Use the Committed Person's Grievance Report, DOC 0047 (formerly DC5657), including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

In the Motion for Summary Judgment, Dr. Baker asserts that after Plaintiff received the response from the counselor, Plaintiff should have appealed the counselor's response to the Grievance Officer. According to Dr. Baker, there is no record that Plaintiff performed this step. Instead, Plaintiff sent the counselor's response directly to the ARB, as evidenced by the documents attached to Miller's Affidavit, instead of to the Grievance Officer, which is improper. Dr. Baker therefore asserts that

Plaintiff failed to properly exhaust his administrative remedies. Dr. Baker further asserts that there is no evidence Plaintiff ever grieved the care he received for his genital herpes.

As noted above, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025. The evidence in the record demonstrates that Plaintiff did not exhaust his claim regarding treatment for his back condition because he did not appeal the counselor's response and did not exhaust his claim regarding his genital herpes because he did not submit a grievance for that claim at all. Further, the record shows that Dr. Baker did not begin treating Plaintiff until April 2011 (see d/e Dr. Baker's Aff., p. 3 ¶ 13 (d/e 96-2)) and no evidence establishes that Plaintiff filed a grievance with respect to Dr. Baker's treatment decisions.

Further, as noted above, Plaintiff has not responded to Dr. Baker's Motion to Dismiss for Failure to Exhaust Administrative Remedies, despite being given additional time to do so by this Court. With no

refutation of Dr. Baker's evidence of Plaintiff's failure to exhaust, this Court must find that there is no genuine issue of fact whether Plaintiff failed to exhaust his administrative remedies. Therefore, Dr. Baker is entitled to summary judgment. See Walker, 288 F.3d at 1009 ("Dismissal for failure to exhaust is without prejudice and so does not bar the reinstatement of the suit unless it is too late to exhaust").

IV.  **CONCLUSION**

For the reasons stated, Dr. Baker's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (d/e 88) is GRANTED. Plaintiff's Second Amended Complaint is dismissed without prejudice. Dr. Baker's Motion for Summary Judgment (d/e 96) is DENIED AS MOOT. This case is terminated, with the parties to bear their own costs. All deadlines and settings on the Court's calendar are vacated.

ENTER: July 5, 2012.

FOR THE COURT:

s/Sue E. Myerscough
           SUE E. MYERSCOUGH
    UNITED STATES DISTRICT JUDGE